IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTIAN ALEJANDRO YUNNI
PEREZ-PEREZ,

Petitioner,

vs.

TODD BLANCHE, in his official
capacity as Acting Attorney General
of the United States, et al.

Respondents.

8:26-CV-219

ORDER TO SHOW CAUSE

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. He alleges that he is being detained unlawfully.[1] Filing 1. Accordingly, the Court will direct the government to certify the true cause and duration of the petitioner's detention. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[2]

---

[1] The Court is obviously aware of the recent Eighth Circuit decision adopting the government's interpretation of 8 U.S.C. § 1225. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The *pro se* petition, however, may present additional issues of law, and must be liberally construed. *E.g., Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024).

[2] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

1

IT IS ORDERED:

1.  The Clerk of the Court shall, before docketing this order, add Justin J. Hall of the Nebraska Attorney General's Office as counsel for "Jhon Doe," and add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the other respondents, and shall after doing so regenerate the filing for the petition.

2.  The Clerk of the Court is directed, pursuant to Fed. R. Civ. P. 25(d), to substitute Todd Blanche, in his official capacity as Acting Attorney General of the United States, for Pamela Jo Bondi; and substitute Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, for Kristi Lynn Noem.

3.  The respondents shall, on or before **May 15, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

4.  The respondents' answer must include:

    a.  Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

    b.  Such affidavits and exhibits as are necessary to establish the circumstances of the petitioner's alleged encounter with ICE in 2021, *see* filing 1 at 4, the basis for and

2

    conditions of his release from custody, if any, and a procedural history of his immigration and release status from the time of his initial encounter with U.S. immigration officials to the present;

c. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

d. The government's position on whether an evidentiary hearing should be conducted; and

e. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

5. The petitioner may reply in support of the petition on or before May 19, 2026.

6. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

7. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 12th day of May, 2026.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Senior United States District Judge

3