IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTIAN ALEJANDRO YUNNI
PEREZ-PEREZ,

           Petitioner,

vs.

TODD BLANCHE, in his official
capacity as Acting Attorney General
of the United States, et al.

           Respondents.

8:26-CV-219

ORDER

      The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement (ICE), seeking a writ of habeas corpus under 28 U.S.C. § 2241. He contends his detention is unlawful, among other things, because he was denied a bond hearing pursuant to 8 C.F.R. §§ 236.1(d)(1) and 1236.1(d)(1). *See* filing 1. The government argues that the petition is moot because the petitioner is subject to a final order of removal and must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Filing 6; filing 7.

      The Court agrees. The petitioner's order of removal is now final. *See* filing 8 at 5. Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). And 90 days has not yet passed. So, given that the Court no longer has a legal basis to award the relief prayed for in the petition—release from custody, *see* filing 1 at 18—the petition is prudentially moot for the reasons

- 2 -

explained in *Hernandez Muralles v. Mullin*, No. 4:26-CV-3079, 2026 WL 1045729, at *2 (D. Neb. Apr. 17, 2026). Accordingly,

IT IS ORDERED:

1.   The government's motion to dismiss (filing 6) is granted.

2.   The petition for writ of habeas corpus is denied without prejudice as moot.

3.   A separate judgment will be entered.

Dated this 20th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -